**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BARBARA DAVIS, as Personal
Representative of the Estate of G.B.,
deceased,

        Plaintiff-Appellee,

 v.

WASHINGTON STATE DEPARTMENT
OF SOCIAL AND HEALTH SERVICES;
et al.,

        Defendants,

 and

RIVERSIDE SCHOOL DISTRICT
NUMBER 416, a Municipal Corporation
duly organized and existing under the laws
of Washington State; et al.,

        Defendants-Appellants.

No.   18-35073

D.C. No. 2:17-cv-00062-SMJ

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted April 10, 2019
Seattle, Washington

Before:  W. FLETCHER, CALLAHAN, and CHRISTEN, Circuit Judges.

Defendants-Appellants Juanita Murray, Roberta Kramer, and Riverside School District (collectively, Defendants) appeal the district court's order denying summary judgment based on Murray's and Kramer's  assertions of qualified immunity against Plaintiff Barbara Davis's 42 U.S.C. § 1983 claim.[1]  We affirm the district court's determination that, viewing the evidence in the record in the light most favorable to the non-moving party, Murray and Kramer (collectively, the Officials) are not entitled to qualified immunity.[2]

1.  Appellate Jurisdiction.  "We review *de novo* a challenge to our appellate jurisdiction over an interlocutory appeal."  *Pauluk v. Savage*, 836 F.3d 1117, 1120 (9th Cir. 2016).  Davis contends that we lack jurisdiction because Defendants only raise sufficiency of the evidence challenges.  To the extent Defendants argue that "contrary to the district court's assertions, an examination of the record reveals that there is no dispute as to the facts, or that there is not sufficient evidence in the

---

[1]     As the parties are familiar with the facts, we do not recount them here. We **DENY** Defendants' motions to supplement the record, dkt. # 10 and dkt. # 25, because that evidence was not before the district court.

[2]     We decline Defendants' request that we exercise pendant jurisdiction to review the district court's denial of summary judgment as to Davis's *Monell* claim against Riverside School District.

record to create such a dispute, we must dismiss for lack of jurisdiction." *Collins v. Jordan*, 110 F.3d 1363, 1370 (9th Cir. 1996); *see also Knox v. Sw. Airlines*, 124 F.3d 1103, 1107 (9th Cir. 1997) ("[W]e do not have jurisdiction over an interlocutory appeal that focuses on whether there is a genuine dispute about the underlying facts."). However, we do have interlocutory jurisdiction pursuant to 28 U.S.C. § 1291 to review "the purely legal question of whether, assuming the factually-supported version of events offered by [Davis] is correct, the district court erred in denying qualified immunity." *Pauluk*, 836 F.3d at 1120 (internal quotation marks omitted). Specifically, we consider whether Davis failed to state a viable claim under the state-created danger exception doctrine.[3]

2. State-Created Danger Exception. We "review *de novo* an interlocutory appeal from the denial of summary judgment based on qualified immunity." *Id.* The Officials' are entitled to qualified immunity "insofar as their conduct does not violate established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Although government actors

---

[3]     We need not reach Defendants' argument that the district court relied on inadmissible evidence in denying the Officials qualified immunity because, even assuming that portions of the school counselor's declarations and deposition testimony are inadmissible as alleged, we conclude that a dispute of material facts remains, precluding summary judgment.

generally have no constitutional obligation to protect individuals from third parties, one exception to this rule is the state-created danger exception. *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971–72 (9th Cir. 2011). Under the state-created danger exception, a state may be held liable where: (1) "there is affirmative conduct on the part of the state in placing the plaintiff in danger," and (2) "the state acts with deliberate indifference to a known or obvious danger." *Id.* at 974 (internal quotation marks omitted).

Addressing the first prong, the district court determined that, viewing the evidence in the light most favorable to Davis, a reasonable trier of fact could conclude that the Officials adopted and implemented polices that required staff to report suspected abuse only to designated staff or administrators, and encouraged staff to delay or avoid reporting suspected abuse, and that these practices affirmatively placed G.B. in danger. We agree. In the 2014–15 school year, Chatteroy Elementary School's (CES) staff handbook addressed reporting of suspected abuse or neglect as follows:

> ANY school personnel who has "reasonable cause" to believe that a child is suffering injuries, suffering physical neglect, or sexual abuse, <u>MUST </u>report this to the CES counselor, first, and then the counselor will then report to the Department of Child Protective Services.

4

There is substantial evidence in the record that the Officials discouraged staff from directly reporting to Child Protective Services (CPS). For example, G.B.'s primary teacher testified that after she saw bilateral bruising on G.B.'s ears and arms, she notified Murray of the injuries and asked Murray if she should report it. Murray allegedly responded that she would take care of it, but she did not report the incident to CPS or law enforcement. The teacher testified that she did not follow up on the incident because she understood that reporting the injuries to Murray satisfied her responsibility. Because the policies and practices implemented by the Officials discouraged or at least delayed reports of abuse, contrary to Riverside School District's written policy and mandatory reporting requirements, a trier of fact could conclude that the Officials' affirmative conduct "left [G.B.] in a situation that was more dangerous than the one in which they found him." *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1086 (9th Cir. 2000).

Reasonable jurors could further conclude that had the Officials not discouraged staff from directly reporting suspected abuse, staff would have reported signs that G.B. was abused to authorities on several occasions between

5

October 2014 and April 2015,[4] and CPS would have intervened.  Defendants argue that staff members testified they did not suspect that G.B. was abused, but the record includes evidence suggesting staff members' testimony may have been influenced by Davis's lawsuit against these staff members, and credibility issues are not resolved at summary judgment.  *See Estate of Lopez ex rel. v. Gelhaus*, 871 F.3d 998, 1008–10 (9th Cir. 2017).  Moreover, had the Officials not barred the school counselor from working with G.B. after she reported suspected abused to CPS in December 2014, the counselor may have identified subsequent signs that G.B. was being abused and reported those incidents.

Turning to the second prong of the state-created danger exception, and viewing the evidence in the light most favorable to Davis, reasonable factfinders could conclude that the Officials acted with deliberate indifference to a known or obvious danger.  Deliberate indifference requires that the state actor "recognize[] [an] unreasonable risk and actually intend[] to expose the plaintiff to such risks without regard to the consequences to the plaintiff."  *Patel*, 648 F.3d at 974 (internal quotation marks omitted).  Although deliberate indifference is a "stringent

---

[4]    There were several occasions where G.B. displayed signs of potential abuse, including bruising and a severe burn in October 2014, bilateral bruising in November 2014, significant absences in January and March 2015, and G.B.'s statement in April 2015 that "Mom punched me in the head."

standard of fault," the "deliberate-indifference inquiry should go to the jury if any rational factfinder could find this requisite mental state." *Id.* (internal quotation marks omitted). We agree with the district court that issues of fact remain concerning whether the Officials were deliberately indifferent to a known or obvious danger—that discouraging or delaying reports of suspected child abuse to authorities would expose G.B. to harm. G.B. was a high needs, verbally impaired five-year-old, the counselor who had reported suspected abuse was directed to have no further contact with him, and yet there is no indication that G.B.'s primary teacher was notified of the report to CPS or that another counselor was assigned to work with G.B.. Defendants did not contest the district court's deliberate indifference determination at oral argument, stating that if we conclude that "there is a policy or practice of discouraging . . . reporting of abuse and that policy, in this case, applied to these facts, led a teacher or staff member to not make a report, then yes I agree there would be an issue of state-created danger."

We affirm the district court's ruling that the Officials are not entitled to qualified immunity at summary judgment.

**AFFIRMED.**



***Davis v. WSDSHS*, No. 18-35073**

CALLAHAN, Circuit Judge, concurring in part and dissenting in part;

I concur in the determination that we have jurisdiction to review the legal question of whether, assuming the facts as offered by Davis, the defendants are entitled to qualified immunity. However, I would find that even accepting the facts as offered by Davis, the defendants are entitled to qualified immunity.

In *Patel v. Kent Sch. Dist.*, 648 F.3d 965, (9th Cir. 2011), we explained that the state-created danger exception rested on two requirements. First, "the exception applies only where there is 'affirmative conduct on the part of the state in placing the plaintiff in danger.'" *Id*. at 974 (quoting *Munger v. City of Glasgow Police Dept.*, 227 F.3d 1082, 1086 (9th Cir. 2000)). Second, the exception applies only when the state acts with "deliberate indifference" to a "known or obvious danger." *Id*.

Here, accepting there was a policy that both "required staff to report suspected abuse only to designated staff or administrators" and encouraged staff to delay reporting, this did not, in my opinion, place G.B. in a more dangerous position than he would otherwise have been. *See Munger*, 227 F.3d at 1086. But even if Davis could meet the first requirement of the state-created danger exception, her proffered evidence does not support a finding of deliberate

indifference to a known or obvious danger. In *Patel*, we described this as requiring "a culpable mental state," a recognition of an "unreasonable risk and actually intend to expose the plaintiff to such risks without regard to the consequences to the plaintiff," and as knowledge "that something *is* going to happen" but ignoring the risk and exposing the the plaintiff to it. *Patel*, 648 F.3d at 974 (citation and internal quotation marks omitted). In *Paulek v. Savage*, 836 F.3d 1117, 1127 (9th Cir. 2016), we reiterated that "gross negligence is not enough." Despite the majority's persuasive presentation of the "facts" from Davis' perspective, they do not provide an adequate basis for finding that any of the defendants had the requisite "culpable mental state" toward G.B. Accordingly, I would find that defendants are entitled to qualified immunity.